**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000517**
**24-FEB-2020**
**07:47 AM**

NO. CAAP-17-0000517


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE MATTER OF THE SHIRLEY S. TANIGUCHI TRUST,
DATED DECEMBER 27, 2002, AS AMENDED


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 17-1-0040)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

The sole issue presented by this appeal is:  "Who succeeds Stephen T. Taniguchi (**Stephen**)[1] as successor trustee of a trust that owns real property located in Mānoa Valley and an associated bank account (the **Mānoa Property**)?"  The Circuit Court of the First Circuit[2] confirmed Co-Petitioners-Appellees **Kimii** Taniguchi and **Jonathan** M. Taniguchi as successor co-trustees. Respondent-Appellant **Paula** E. Taniguchi appeals from the "Order Granting Petition to Confirm Successor Co-Trustees" and the "Judgment on Order Granting Petition to Confirm Successor Co-Trustees," both entered by the circuit court on June 7, 2017.  We affirm the circuit court's order and judgment.

I.

**Shirley** S. Taniguchi was the settlor and initial trustee of The Shirley S. Taniguchi Trust, dated December 27,

---

[1]     Because all parties in this case share the same surname, we refer to them by their given names.

[2]     The Honorable R. Mark Browning presided.

2002 (the **Original Trust**).  Shirley was married to **Paul** T. Taniguchi.  Shirley and Paul owned the Mānoa Property.  By warranty deed dated December 27, 2002, Shirley and Paul conveyed the Mānoa Property to Shirley, as trustee of the Original Trust.[3]

Shirley and Paul had two children: Paula and Stephen. Stephen was married to Kimii.  Stephen and Kimii had two sons, Jonathan and Matthew M. Taniguchi.[4]

Shirley amended the Original Trust on December 22, 2011.  She died ten days later, on January 1, 2012.  The Original Trust, as amended, provided that upon Shirley's death, Stephen would be the successor trustee.  If Stephen "fails to qualify or ceases to act," Paula was named as successor trustee.  Stephen accepted the appointment as successor trustee of the Original Trust on February 1, 2012.

The Original Trust, as amended, provided that after Shirley's death all of her jewelry would be distributed to Paula. Shirley's personal property located on the Mānoa Property was to pass with the Mānoa Property.  For any remaining personal property, the successor trustee was directed to distribute to Stephen what Stephen desired; the remainder was to be sold or otherwise disposed of, with the proceeds to be included in Shirley's residual estate.

After Shirley's death, the Mānoa Property became part of the Original Trust residue.  The successor trustee was directed to allocate the residue between two residual trusts: the **Residuary Trust** and the **Children's Trust**.[5]  The Original Trust, as amended, provided:

> Each TRUSTEE serving [as trustee of the Original Trust] shall also serve as TRUSTEE of any separate trusts created hereunder <u>unless specified otherwise</u> and shall have all the powers and authority of the INITIAL TRUSTEE.
>
> In the case of a separate trust created for a beneficiary of the SETTLOR under § 5.03 [the Residuary

---

[3]    The record on appeal does not contain a copy of the deed, but it is referenced in the property description contained in a subsequent deed.

[4]    Matthew is not a party to these proceedings.

[5]    The Children's Trust is not at issue in this appeal.

> Trust] . . . such beneficiary is appointed as the sole
> TRUSTEE of such separate trust when such beneficiary attains
> the age of thirty (30) years, and the then serving TRUSTEE
> shall, in such event, be deemed to have resigned.

(Underscoring added.)  Stephen, as the successor trustee of the Original Trust, was to be the trustee of the Residuary Trust until the beneficiary of that trust attained the age of thirty years, at which time Stephen was deemed to have resigned and the Residuary Trust beneficiary would become the successor trustee. Stephen was also the beneficiary — and accordingly the successor trustee — of the Residuary Trust.

On February 1, 2012, Stephen, as successor trustee of the Original Trust, conveyed the Mānoa Property to himself, as trustee of the Residuary Trust, by limited warranty deed.

Stephen died on March 29, 2016.  After Stephen's death a dispute arose between Paula and Kimii, Jonathan, and Matthew concerning ownership of, and control over, the Mānoa Property. On March 23, 2017, Kimii and Jonathan filed a petition asking that the circuit court confirm them as successor co-trustees of the Residuary Trust (which owned the Mānoa Property).  Paula opposed the petition, contending that she was the "Successor Trustee of [Paul's] life estate in the Manoa [sic] house . . . per the terms of the [Original Trust][.]"  The petition was heard on May 11, 2017.  On June 7, 2017, the circuit court entered an order confirming Kimii and Jonathan as successor co-trustees of the Residuary Trust.  A judgment was entered the same day.

On June 16, 2017, Paula filed a motion for (1) a stay of circuit court proceedings pending an appeal to the intermediate court of appeals and (2) an order vacating the June 7, 2017 order and judgment.  The circuit court's minutes indicate that the motion was denied.  The record on appeal does not contain a copy of a written order denying the motion.

## II.

Paula filed this appeal on June 28, 2017.  She contends that the circuit court erred by (1) confirming Kimii and Jonathan

3

as successor co-trustees of the Residuary Trust, (2) denying her motion to stay the proceedings pending this appeal and refusing to vacate the order and judgment confirming Kimii and Jonathan as successor co-trustees of the Residuary Trust, and (3) denying her constitutional rights to due process and equal protection.

> The construction of a trust is a question of law which this court reviews de novo.
>
> When construing a trust, this court is guided by principles relating to the interpretation of trusts as well as those relating to the interpretation of wills. A fundamental rule when construing trusts is that the intention of the settlor as expressed in a trust instrument shall prevail unless inconsistent with some positive rule of law. Additionally, in construing a trust document to determine the settlor's intent, the instrument must be read as a whole, not in fragments.

In re Robinson Trust, 110 Hawaiʻi 181, 184, 130 P.3d 1046, 1049 (2006) (cleaned up).

### A. The circuit court properly confirmed Kimii and Jonathan as successor trustees of the Residuary Trust.

The Original Trust, as amended, provided:

> Upon the death, resignation, or incapacity of the INITIAL TRUSTEE [Shirley], STEPHEN T. TANIGUCHI is appointed SUCCESSOR TRUSTEE. In the event he fails to qualify or ceases to act, then PAULA E. TANIGUCHI is appointed SUCCESSOR TRUSTEE.

Shirley died on January 1, 2012. Stephen accepted the appointment as successor trustee on February 1, 2012.

Paula contends that she "was appointed as Successor Trustee when and if Stephen Taniguchi ceased to act or failed to qualify. Stephen Taniguchi died on March 29, 2016[.] . . . Paula E. Taniguchi was the next successor trustee when her brother died." Paula is correct that she was named to succeed Stephen as trustee under the Original Trust. After Shirley's death, however, the Original Trust no longer owned the Mānoa Property. As directed by the terms of the Original Trust, Stephen, as successor trustee of the Original Trust, conveyed the

Mānoa Property to himself, as trustee of the Residuary Trust, by limited warranty deed.[6]

Stephen was the beneficiary and the original trustee of the Residuary Trust. If Stephen was under the age of thirty when Shirley died, he also became the successor trustee of the Residuary Trust when he reached the age of thirty. The Original Trust made no provision for a successor trustee of the Residuary Trust after Stephen died, but gave the beneficiary (Stephen) a power of appointment:

> (2)  Termination of Trust.  This [Residuary] trust shall terminate upon the death of the Beneficiary, and the TRUSTEE shall distribute the trust property as provided in subparagraphs (3) and (4) hereof.
>
> (3)  Distribution Upon Termination of Trust for Beneficiary Who Is STEPHEN TAKESHI TANIGUCHI.
>
> (a)  Special Power of Appointment.  Upon termination of the [Residuary] trust for the Beneficiary who is STEPHEN TAKESHI TANIGUCHI, the property shall be distributed to such one or more of the issue of the Beneficiary, and on such terms or conditions, either outright or in trust, as the Beneficiary shall appoint by will specifically referring to and exercising this power of appointment.

Stephen exercised his power of appointment in his will, which provides:

> I am married to KIMII TANIGUCHI, hereinafter referred to as my spouse.
>
> . . . .

---

[6]  Paula contends that Shirley gave Paul a life estate in the Mānoa Property, such that Paul is entitled to "the assets of the life estate including the funds in the Bank of Hawaii account constituting the rent from the Manoa [sic] house." The Original Trust, as amended, provided:

> B.  Provision Regarding [the Mānoa Property].  Regardless of which Trust the [Mānoa Property] is allocated to [i.e., the Residuary Trust or the Children's Trust], the TRUSTEE shall allow [Paul] the right to reside in the Property free of rent, during his lifetime; provided, however, that he pays for all the expenses incurred in connection with the upkeep and maintenance of the Property (i.e., real property taxes, insurance, general repairs, and maintenance).

The nature and extent of Paul's interest, if any, in the Mānoa Property is not at issue in this appeal and we express no opinion on that issue.

> I hold a special power of appointment over **the separate trust created for me in § 5.03 of The Shirley S. Taniguchi Trust dated December 27, 2002, as amended on December 22, 2011** ("SST Trust"). I hereby exercise such special power of appointment as follows:
>
> A. <u>Successor Trustee of the SST Trust.</u> I hereby appoint my spouse and JONATHAN M. TANIGUCHI as the Successor Co-Trustees of the SST Trust.

(Bold typeface added.) Stephen's will, read in conjunction with the power of appointment contained in the Original Trust, appointed Kimii and Jonathan as successor co-trustees of the Residuary Trust.[7] We conclude that the circuit court properly confirmed Kimii and Jonathan as successor co-trustees of the Residuary Trust.

### B. The circuit court did not abuse its discretion by denying Paula's motion for a stay pending appeal or vacation of the order and judgment.

Paula contends that the circuit court erred by not granting her motion to stay proceedings pending this appeal and to vacate the order and judgment confirming Kimii and Jonathan as successor co-trustees of the Residuary Trust.[8] Her only discernable argument is that the circuit court should have realized it committed reversible error in issuing the order and judgment, and therefore should have (either) stayed proceedings until the order and judgment were vacated on appeal, or vacated the order and judgment before an appeal was necessary. Because the circuit court properly confirmed Kimii and Jonathan as successor trustees for the Residuary Trust, it did not abuse its discretion by denying Paula's motion for a stay pending appeal or vacation of the order and judgment.

---

[7] Although the Residuary Trust terminated upon Stephen's death, the successor co-trustees have the power to distribute the property of the Residuary Trust according to the terms of Stephen's will. <u>See</u> Restatement (Third) of Trusts § 89 (2007) ("The powers of a trustee do not end on the trust's termination date but may be exercised as appropriate to the performance of the trustee's duties in winding up administration, including making distribution, in a manner consistent with the purposes of the trust and the interests of the beneficiaries.").

[8] Had the circuit court granted either of Paula's requests, the other would have become moot.

### C. Paula was not deprived of due process or equal protection.

Paula argues:

> By granting the Petition and appointing [Kimii and Jonathan] as Co-Trustees of the Trust, the Circuit Court violated [Paula] Taniguchi's constitutional rights to due process and equal protection by denying [Paula] and her father property, possession, and ownership interests in the trust property in which [Paul] Taniguchi has a life estate.

She makes no discernable argument concerning procedural or substantive due process, or equal protection of or under the law, other than contending that the circuit court erred when it confirmed Kimii and Jonathan as successor co-trustees. Paula's constitutional arguments lack merit.

## III.

For the foregoing reasons, the "Order Granting Petition to Confirm Successor Co-Trustees" and the "Judgment on Order Granting Petition to Confirm Successor Co-Trustees," both entered by the circuit court on June 7, 2017, are affirmed.

DATED: Honolulu, Hawai'i, February 24, 2020.

R. Steven Geshell,
for Respondent-Appellant
Paula E. Taniguchi.

Emily Kawashima Waters,
for Co-Petitioners-Appellees
Kimii Taniguchi and
Jonathan M. Taniguchi.

Chief Judge

Associate Judge

Associate Judge